(No. 83-CC-0197—

JAMES COLTER, a/k/a Robin Elliott, and JENNER & BLOCK, Claimants, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 30, 1982.*

JENNER & BLOCK, *pro se*, for Claimants.

TYRONE C. FAHNER, Attorney General (WILLIAM R. WALLIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim pursuant to "An Act to provide for representation and indemnification" (Ill. Rev. Stat. 1981, ch. 127, par. 1301 *et seq*.) (herein the Representation and Indemnification Act). Claimant, James Colter, sued several State officers and employees in a case entitled *Colter v. Rowe* (No. 78-CC-0429), in which he alleged violation of rights guaranteed by the eighth and fourteenth amendments to the United States Constitution while he was an inmate in the Stateville Correctional Center. Claimant, Jenner & Block, represented James Colter in that proceeding. That case was settled by an agreement dated June 17, 1982, which provided that the defendant State officers and employees pay $1,000 to James Colter and $2,000 to Jenner & Block. The State officers and em-

ployees assigned their rights to indemnification to the Claimant.

Under the Indemnification and Representation Act, a State officer or employee is entitled to representation by the Attorney General and indemnification for damages awarded, court costs, and attorney fees when he is sued in a civil proceeding in which the plaintiff alleges deprivation of a civil or constitutional right arising out of an act or omission occurring within the scope of his employment. The Act was passed in response to developments in Federal law which subjected State officers and employees to Federal suit.

Whether Claimants here are entitled to awards depends on whether the State officers and employees would be. The State officers and employees sued were all officers or employees of the Department of Corrections and were represented by the Attorney General. Thus, he has determined that the State officers and employees were entitled to the benefits of the Act.

We have examined the complaint and settlement agreement and have determined that the State officers and employees sued would be entitled to indemnification. They were acting within the scope of their employment. The Court did not find that the conduct was intentional, willful or wanton. We further find that the State officers and employees have assigned their right to Claimants here and that awards to Claimants are just and reasonable.

Claimant, James Colter, is hereby awarded $1,000.00, and Claimant, Jenner & Block, is awarded $2,000.00.